RECEIPT # _____
AMOUNT $ 150.-
SUMMONS ISSUED No____
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY CLK Kim Abaid
    12-23-03

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAGISTRATE JUDGE Alexander

| | |
|---|---|
| PAUL S. GASS,<br>          Plaintiff,<br>v.<br>CHUBB GROUP OF INSURANCE COMPANIES,<br>and SAMPSON INSURANCE AGENCY<br>          Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>)<br>) **03-12597DPW** |

## NOTICE OF REMOVAL BASED ON FRAUDULENT JOINDER

Pursuant to 28 U.S.C. § 1446(a), defendant Federal Insurance Company ("Federal Insurance" misnamed in the complaint "Chubb Group of Insurance Companies" which is a trade name and not an entity capable of being sued) hereby files this notice to remove the above-captioned case to this Court and, in support of removal, respectfully states the following:

1. Federal Insurance is the defendant in a civil action brought on or about July 24, 2003 in the Superior Court for Essex County, Massachusetts, identified as <u>Paul S. Gass v. Chubb Group of Insurance Companies and Sampson Insurance Agency</u>, Civil Action No. 03-01452 (the "State Court Action").

2. A copy of the Complaint, which is the initial pleading setting forth the claim for relief upon which this action is based, was served upon Federal Insurance on or about August 8, 2003.

3. Although this Notice of Removal is filed more than thirty (30) days after Federal Insurance's notice of this action, removal is appropriate under 28 U.S.C. § 1446(b) because (as set forth in detail below) Federal Insurance "has ascertained that the case is or has become removable" and less than one year has passed since the case was filed in state court.

4. According to the Complaint, plaintiff Paul S. Gass is an individual residing at 21R Sleepy Hollow Road, Gloucester, Massachusetts.

5. Defendant Federal Insurance Company is an Indiana corporation with a principal place of business in Warren, New Jersey. Defendant Sampson Insurance Agency ("Sampson") is a Massachusetts corporation with a principal place of business at 97 Libbey Industrial Parkway, Suite 110, Weymouth, Massachusetts.

6. The State Court Action arises from a dispute concerning the denial of coverage under an insurance policy issued by Federal Insurance to plaintiff Paul S. Gass. The plaintiff alleges that wind driven rain caused damage to his home and that Federal Insurance violated Massachusetts General Laws Chapters 93A and 176D in its handling and subsequent denial of the plaintiff's claim under the insurance contract.

7. The amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000. The plaintiffs' Civil Action Cover Sheet which accompanied the state court complaint (and is attached to this Notice) states that plaintiff seeks damages in the amount of $602,955.

8. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court, and the District Courts of the United States have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because the plaintiff and Federal Insurance are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. The jurisdiction of the District of Massachusetts embraces the State Court Action in which the plaintiff and Federal Insurance are parties.

9. The plaintiff's claim against defendant Sampson does not defeat diversity because Federal Insurance's "right of removal cannot be defeated by a fraudulent joinder of a non-diverse

defendant having no real connection to the controversy." Mills v. Allegiance Healthcare Corporation, 178 F.Supp2d. 1, 4 (D.Mass. 2001). Federal Insurance contends that the plaintiff's claim against Sampson has "no real connection to the controversy" because the dispute relates to Federal Insurance's denial of the plaintiff's claim under the insurance contract and Sampson was not involved in the denial of the plaintiff's claim. Moreover, the plaintiff's claim against Sampson, on its face, does not have a "reasonable basis in law and fact." Mills, 178 F.Supp2d at 4. In addition, Federal Insurance contends that joinder of Sampson was fraudulent because the plaintiff served Sampson with the Complaint four months ago and never bothered to default Sampson despite Sampson's failure to file an answer or otherwise respond to the Complaint. See Exhibit A, *Superior Court Docket Reflecting August 22, 2003 Return Of Service On Sampson.*

10. The State Court Action does not fall within any class of actions which, under applicable rules, laws, or statutes, is prevented from or limited in the right of removal.

11. Pursuant to 28 U.S.C. § 1446(d), notice of the filing of this Notice of Removal is being given to all parties in the State Court Action by filing a Notice of Filing Notice of Removal of Action, along with a copy of this Notice of Removal, in the State Court Action and by service upon all parties in accordance with applicable law.

12. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Federal Insurance are attached hereto as Exhibit B. Pursuant to L.R. 81.1, Federal Insurance will file in this Court, within thirty (30) days after filing this Notice of Removal, certified or attested copies of all records and proceedings in the Essex Superior Court and a certified or attested copy of all docket entries in Essex Superior Court.

13. Federal Insurance reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

**FEDERAL INSURANCE COMPANY misnamed in the Complaint Chubb Group of Insurance Companies**

By its attorneys,

John E. Tener, Esq., BBO#563791
John E. O'Brien, Jr., Esq., BBO#640982
**ROBINSON & COLE LLP**
One Boston Place, 25th Floor
Boston, MA 02108-4404
Tel (617) 557-5900

DATED: December 23, 2003

### CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2003, I served a copy of the foregoing *Notice of Removal* on the interested parties to this action by mailing a copy of same, postage prepaid, to:

Stuart I. Rosnick
15 Front Street
Salem, MA 01970

John E. O'Brien, Jr.

4