Commonwealth of Massachusetts
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

## ESCV2003-01452
### Gass v Chubb Group of Insurance Companies et al

| | | | | | | |
|---|---|---|---|---|---|---|
| File Date | 07/24/2003 | Status | Disposed: transfered to other court (dtrans) | | | |
| Status Date | 01/09/2004 | Session | B - Civil-CtRm 1 (Newburyport) | | | |
| Origin | 1 | Case Type | B99 - Misc tort | | | |
| Lead Case | | Track | F | | | |
| Service | 10/22/2003 | Answer | 12/21/2003 | Rule12/19/20 | 12/21/2003 | |
| Rule 15 | 12/21/2003 | Discovery | 05/19/2004 | Rule 56 | 06/18/2004 | |
| Final PTC | 07/18/2004 | Disposition | 09/16/2004 | Jury Trial | Yes | |

### PARTIES

**Plaintiff**
Paul S Gass
Active 07/24/2003

Private Counsel 429620
Stuart I Rosnick
15 Front Street
Salem, MA 01970
Phone: 978-741-1130
Fax: 978-741-1132
Active 07/24/2003 Notify

**Defendant**
Chubb Group of Insurance Companies
Served: 07/30/2003
Served (answr pending) 08/11/2003

Private Counsel 640982
John E O'Brien Jr
Robinson & Cole LLP
1 Boston Place
25th floor
Boston, MA 02108-
Phone: 617-557-5900
Fax: 617-557-5999
Active 01/07/2004 Notify

**Defendant**
Sampson Insurance Agency
Served: 08/13/2003
Served (answr pending) 08/22/2003

**Defendant**
Anderson Window Corp.
Service pending 12/23/2003

MAS-20030312  Case 1:03-cv-12597-DPW   Document 4   Filed 01/13/2004   Page 2 of 14   01/09/2004
collins                                                                                                          03:31 PM

Commonwealth of Massachusetts
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

# ESCV2003-01452
## Gass v Chubb Group of Insurance Companies et al

**Defendant**
Brockway Sales Plywood
Service pending 12/23/2003

### ENTRIES

| Date | Paper | Text |
|------|-------|------|
| 07/24/2003 | 1.0 | Complaint & civil action cover sheet filed |
| 07/24/2003 |     | Origin 1, Type B99, Track F. |
| 08/11/2003 | 2.0 | SERVICE RETURNED: Chubb Group of Insurance Companies(Defendant) in hand |
| 08/22/2003 | 3.0 | SERVICE RETURNED: Sampson Insurance Agency(Defendant) |
| 12/23/2003 | 4.0 | Amended complaint of Paul S Gass re: adding defts., Andersen Window Corp. & Brockway Sales Plywood.; filed 12/19/03. |
| 01/02/2004 | 5.0 | Notice for Removal to the Federal Court filed by Chubb Group of Insurance Companies, filed 12/24/03 |
| 01/09/2004 |     | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS



TRIAL COURT
SUPERIOR COURT DEPT.
CIVIL ACTION NO.

```
* * * * * * * * * * * * * * * * * * * *
PAUL S. GASS,
              Plaintiff

    vs.

CHUBB GROUP OF INSURANCE COMPANIES
and SAMPSON INSURANCE AGENCY,
              Defendants
* * * * * * * * * * * * * * * * * * * *
```

## COMPLAINT AND JURY CLAIM

### PARTIES

1. Plaintiff, Paul S. Gass (Gass) is an individual residing at 21R Sleepy Hollow Road, Gloucester, County of Essex, Commonwealth of Massachusetts.

2. Defendant Chubb Group of Insurance Companies (Chubb) including Federal Insurance Company, is a corporation, state of incorporation unknown, with a principal place of business at One Financial Center, Boston, County of Suffolk, Commonwealth of Massachusetts.

3. Defendant Sampson Insurance Agency (Sampson) is a corporation, state of incorporation unknown, with a principal place of business at 97 Libbey Industrial Parkway, Suite 110, Weymouth, County of Norfolk, Commonwealth of Massachusetts.

1

## GENERAL ALLEGATIONS

4. On January 29, 1993, Chubb issued a homeowner's insurance policy to Gass covering the single family home known alternatively as 19R or 21R Sleepy Hollow Road, Gloucester Massachusetts (The Home).

5. Said policy has been in effect, all premiums having been paid, without interruption, to the date hereof.

6. On June 22, 1992, Linda Pritchard, an agent or employee of Chubb conducted a replacement cost appraisal of The Home.

7. Said replacement cost figure was $645,000.00.

8. On or shortly before 3/28/02, Gass learned of severe water damage suffered at the The Home. He learned that the efficient proximate cause was wind-driven rain.

9. On said date, Gass reported said damage to Chubb and requested coverage and a payment for his losses.

10. On 5/21/02, Chubb denied that there was any coverage under the policy.

11. On 5/21/02, Chubb expressly stated that it was not aware of any other policies covering this loss.

12. Chubb's denial relied upon the following language which allegedly was in Gass' 2002 policy:

> 4. "Faulty planning, construction or maintenance. We do not cover any loss caused by the faulty acts, errors or omissions of you or any other person in planning, construction or maintenance. It does not matter whether the faulty acts, errors or omissions take place on or off the insured property. But we do insure ensuing covered loss unless another exclusion applies. Planning includes zoning placing, surveying, designing, compacting, setting specifications, developing property and establishing building codes or construction standards. Construction includes materials, workmanship, and parts or equipment used for construction or repair."

2

13. Gass' original policy had the following language instead of that quoted at Paragraph 12, supra:

> **Negligent planning, construction or maintenance.** We do not cover any loss caused by the negligent acts, errors, or omissions of you or any other person in planning, construction, or maintenance. **This exclusion applies only when the loss is caused directly or indirectly by a peril excluded in this section.** It does not matter whether the negligent acts, errors, or omissions take place on or off the insured property. "Planning" includes zoning, placing, surveying, designing, compacting, setting specifications, developing property, and establishing building codes or construction standards. "Construction" includes materials, workmanship, and parts or equipment used for construction or repair. (Emphasis supplied)

14. Gass never received a written amendment changing the language quoted in Paragraph 13, supra.

15. Gass never was otherwise informed of said amendment until after he notified Chubb of his loss.

16. At all times material, Sampson was the agent for Chubb regarding this policy and Gass' representative for numerous insurance needs.

17. Upon discovery of the loss in 2002, Gass sought the assistance of Sampson.

18. Sampson agreed to assist Gass in perfecting his claim.

19. At Gass' request, Sampson represented that it did not have in its files or computers the above-mentioned policy amendment.

20. Sampson represented that it sent out, except on two occasions, only new declaration pages each year since the inception of the policy.

21. The policy states that there can be no amendment unless it is in writing.

22. The amendments for the two (2) years are not relevant to this claim.

23. Chubb's denial of coverage relied heavily upon its engineer's inspection report, which had

3

numerous material and relevant factual errors.

24. On June 26, 2002, Gass sent to Chubb the G.L. ch. 93A statutory demand letter. A copy of same is attached hereto.

25. Said letter was received on 6/27/02.

26. Gass incorporates each and every allegation stated in said ch. 93A demand letter as if specifically set forth herein.

27. On 7/26/02, Gass received Chubb's reply to his ch. 93A demand letter.

28. Chubb, in its reply, continued to deny that there is any coverage for Gass' losses.

29. Chubb did not conduct any further investigation or change its coverage posture after receipt of said ch. 93A demand letter.

30. By claiming that there is no coverage, Chubb has made any order of reference referred to in G.L. ch.175, section 99 a nullity.

31. Under G.L. ch.175, section 99, an insurance company issuing fire insurance (homeowner's) policies in this Commonwealth must use the standard form of policy as follows:

> In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men and the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference, unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss...

32. Chubb did not use said language. It included the following language in its stead:

> If you and we fail to agree on the amount of loss, we will <u>defer</u> to a three member board of referees whose decision will be binding. (Emphasis supplied).

33. The policy, under the caption "Legal action against us", states:

4

If a board of referees is asked to determine the amount of loss....

34. By choosing the deferential language quoted in Paragraphs 32 and 33, supra, Chubb has waived its right of reference under Ch. 175, section 99 and case law.

[See <u>Moran et al</u> v. <u>Phoenix Insurance Company</u>, 7 Mass. App.Ct. 822; 390 NE 2d 1139 (1979), and <u>Anthony</u> v. <u>Amica Mutual Insurance Company</u>, 1999 Mass. Super. Lexis 249 (1999)].

The language shows that a referral was not meant to be a condition precedent to maintaining this lawsuit.

## <u>COUNT I</u>
### (Chubb - G.L. ch. 93A and 176D)

35. Paragraphs 1-34 are incorporated as if fully set forth herein.

36. Chubb misrepresented pertinent facts or insurance policy provisions relating to coverages at issue.

37. Chubb refused to pay claims without conducting a reasonable investigation based upon all available information.

38. Chubb acted in an oppressive and unconscionable manner.

39. Chubb failed to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.

40. Chubb compelled insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.

41. Chubb failed to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a

5

compromise settlement.

42. The aforesaid conduct constitutes unfair or deceptive acts or practices in the conduct of trade or commerce declared unlawful by Chapter 93A, section 2 and the regulations issued under paragraph (c) of said section 2, including without limitation 940 CMR 3.16.

43. As a result of the aforesaid conduct of Chubb, Gass has suffered losses of money or property.

44. The acts or practices of Chubb resulting in the loss described above were done willfully or knowingly in violation of M.G.L. Chapter 93A, section 2, and Chapter 176D.

45. As stated aforesaid, Gass sent to Chubb via certified mail, postage prepaid, return receipt requested, a written demand for relief identifying Gass and reasonably describing the unfair or deceptive acts or practices relied upon the injury suffered.

46. Chubb answered the demand for relief; however, did not make a good faith offer of settlement. Chubb's refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated M.G.L. Chapter 93A, secton 2, and Chapter 176D.

47. Gass in his ch. 93A demand letter stated:

> We hereby put you on notice that none of the above causes [stated by Chubb] were the legal or efficient proximate cause of the loss.

48. Chubb utterly relied upon one engineer, at its peril, to deny coverage. It had a duty to further investigate the facts, errors and law to comply with the requirements of Chapters 93A and 176D and it failed to do so causing damage to Gass.

**WHEREFORE**, Gass requests judgment against Chubb as follows:

 a. The Court order treble the total of the actual damages established in all Counts,

6

Plus interest, reasonable attorney's fees and costs;

b. Such other and further relief as the Court deems meet and just.

## COUNT II
### (Sampson - Breach of Contract)

49. Paragraphs 1-48 are incorporated as if fully set forth herein.

50. Sampson agreed to act as Gass' agent in assisting him in favorably resolving Gass' claim.

51. Sampson held itself out as an insurance specialist in pursuing any claim Gass may have had.

52. Gass and Sampson had a long-standing business relationship with respect to this and other properties.

53. Sampson knew or should have known that Gass relied upon it for all his homeowner, liability, commercial, property and car insurance needs and, therefore, a continuing relationship existed over a long period of years.

54. Gass relied upon the representatives of Sampson.

55. Samson agreed to assist Gass in processing the claim.

56. There existed an implied contract that Sampson would properly pursue Gass' claims.

57. Sampson did not so pursue the claims and, therefore, broke the contract.

58. Gass was damaged thereby.

**WHEREFORE**, Gass prays for judgment against Sampson for his damages and costs.

Plaintiff claims a jury for all counts.

Paul S. Gass
By his attorney,

Stuart I. Rosnick
BBO # 429620
15 Front Street

7

Dated: 7/18/03

Salem, Ma. 01970
978 741-1130

The Plaintiff, Paul S. Gass states that the information set forth in this Complaint is of his personal knowledge and that he believes the information to be true.

_____
Paul S. Gass

COMMONWEALTH OF MASSACHUSETTS

Essex, SS

Date: 7/18/03

Then personally appeared Paul S. Gass, Plaintiff herein, and made oath that the information set forth in this Complaint is true of his own personal knowledge and that he believes the information to be true.

_____
Notary Public
Commission Expires: 2/5/05

8

| CIVIL ACTION COVER SHEET | | Trial Court of Massachusetts Superior Court Department County: _____  |
|---|---|---|

**PLAINTIFF(S)**
Paul S. Gass

**DEFENDANT(S)**
Chubb Group of Insurance Companies
and Samson Insurance Agency (struck through)

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Stuart I. Rosnick
15 Front St., Salem, MA. 01970
Board of Bar Overseers number: 429620

**ATTORNEY** (if known)

### Origin code and track designation

Place an x in one box only:
- [XX] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | 93A; 176D | ( F ) | (XX) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .............................................. $
2. Total Doctor expenses ............................................... $
3. Total chiropractic expenses ......................................... $
4. Total physical therapy expenses ..................................... $
5. Total other expenses (describe) ..................................... $
   **Subtotal** $............
B. Documented lost wages and compensation to date ....................... $
C. Documented property damages to date ................................. $583,871.00
D. Reasonably anticipated future medical and hospital expenses ......... $
E. Reasonably anticipated lost wages .................................. $
F. Other documented items of damages (describe)
   Attorney Fees to Date                                               $14,144.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Plaintiff was issued a homeowner's policy on his residence in 1983 which has continuously remained in force to date. Defendants have denied coverage for serious damage to the property discovered 3/28/02 which resulted from a covered peril, to wit: wind-driven rain. Defendants rely, in part, upon an alleged amendment to the policy of which Plaintiff was never made aware.

**TOTAL** $602,955.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**TOTAL $.** ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _[signature]_     DATE: 7/21/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## Commonwealth of Massachusetts
### County of Essex
### The Superior Court

CIVIL DOCKET# ESCV2003-01452

RE: **Gass v Chubb Group of Insurance Companies et al**

TO: Stuart I Rosnick, Esquire
15 Front Street
Salem, MA 01970

### TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 10/22/2003 |
| Response to the complaint filed (also see MRCP 12) | 12/21/2003 |
| All motions under MRCP 12, 19, and 20 filed | 12/21/2003 |
| All motions under MRCP 15 filed | 12/21/2003 |
| All discovery requests and depositions completed | 05/19/2004 |
| All motions under MRCP 56 filed and heard | 06/18/2004 |
| Final pre-trial conference held and firm trial date set | 07/18/2004 |
| Case disposed | 09/16/2004 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session B sitting in
**CtRm 1 (Newburyport) at Essex Superior Court.**

Dated: 07/25/2003

Thomas H. Driscoll Jr.,
Clerk of Courts

BY:
JoDee Doyle - Shiela Gaudette
Assistant Clerk

Location: CtRm 1 (Newburyport)
Telephone: (978) 462-4474

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 411637 inidoc01 exarhose

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.



SUPERIOR COURT
CIVIL ACTION
No.

PAUL S. GASS ........................................................................., Plaintiff(s)

v.

CHUBB GROUP OF INSURANCE COMPANIES and ......................., Defendant(s)
SAMSON INSURANCE AGENCY

## SUMMONS

To the above named Defendant:   Chubb Group of Insurance Companies

You are hereby summoned and required to serve upon __Stuart I. Rosnick__,

plaintiff's attorney, whose address is __15 Front Street, Salem, MA. 01970__, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at __Salem__ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the   28th
day of    July    , in the year of our Lord two thousand two

*Clerk*

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

PAUL S. GASS ........................................................., Plaintiff(s)

v.

CHUBB GROUP OF INSURANCE COMPANIES and
SAMSON INSURANCE AGENCY ........................................................., Defendant(s)

## SUMMONS

To the above named Defendant:    Samson Insurance Agency

You are hereby summoned and required to serve upon    Stuart I. Rosnick    , plaintiff's attorney, whose address is    15 Front St., Salem, MA. 01970    , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at    Salem    either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the    28th    day of    July    , in the year of our Lord two thousand    two

*Clerk*

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.