UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2004 JAN 28 P 3: 19

DISTRICT COURT
DISTRICT OF MASS.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| PAUL S. GASS,<br>   Plaintiff, | \*<br>\*<br>\* |
| vs. | \*  CIVIL ACTION<br>\*  No. 03-12597 DPW |
| FEDERAL INSURANCE COMPANY,<br>part of CHUBB GROUP OF<br>INSURANCE COMPANIES, ET AL,<br>   Defendants. | \*<br>\*<br>\*<br>\*<br>\*<br>\* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF REASONS IN SUPPORT OF MOTION TO DISMISS BY THE DEFENDANT, SAMPSON INSURANCE AGENCY, INC.,
Fed. R. Civ. P. 12(b)(6)

The defendant, Sampson Insurance Agency, Inc. ("Sampson"), in the above-captioned matter, has moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss all claims against it which are set forth in the the plaintiff's Amended Complaint. In support of this Motion, Sampson hereby provides, pursuant to LR 7.1 (B), this Memorandum of Reasons why Sampson's Motion to Dismiss should be granted.

For the purposes of this Motion only, Sampson assumes the allegations in the plaintiff's Amended Complaint to be true:

1. The plaintiff alleges in his amended complaint that his home suffered "severe water damage", which he learned of on or about March 28, 2002. (Complaint, para. 10.)

2. The plaintiff made a claim under his homeowners policy for the damage. The plaintiff asserted in his claim that the damage was due to "wind driven rain". (Id, para. 10). His homeowners insurer, Chubb, denied that its policy covered his claim. (Id., para. 12). The insurer relied, at least in part, on a policy exclusion for "faulty planning, construction or maintenance". (Id., para. 13).

3. The plaintiff has asserted Chapter 93A/176D claims against Chubb based on its denial of coverage, and has also asserted Chapter 93A claims against the manufacturer (Andersen) and installer (Brock's) of windows in the plaintiff's home, alleging in essence that each of these defendants caused the plaintiff's damages by supplying and/or installing defective windows which permitted water into the plaintiff's home. (Id., Counts I, III, and IV).

4. On the other hand, the plaintiff has asserted a "breach of contract" claim against Sampson. (Id., Count II). Plaintiff alleges that Sampson "agreed to act as Gass' agent in assisting him in favorably resolving Gass' claim". (Id., para. 71). Plaintiff alleges that Sampson "did not so pursue the claims, and, therefore, broke the contract". (Id., para. 76).

5. Over its 300 plus year history prior to 2001, Massachusetts law did not recognize a claim by an insured against his insurance broker for "failing to process an insurance claim".

6. Rather, liability of an insurance broker has been traditionally recognized where the broker failed to obtain insurance which had been requested by the insured, which caused the insured to sustain an uninsured loss. See, *Rayden Engineering v. Church*, 337 Mass. 652 (1958); *Campione v. Wilson*, 422 Mass. 185 (1996).

The traditional theory of liability is not an option for the plaintiff in this case, as the complaint recognizes that Sampson obtained the Chubb homeowner policy for the plaintiff. (Complaint, para. 6, 7, 17).

7. For the first time, in *Schwartz v. Travelers Indemnity Company*, 50 Mass. App. Ct. 672 (2001) (*review denied*, 434 Mass. 1102), a Massachusetts appellate court recognized the potential for a claim by an insured against his insurance broker relative to "postsale processing of claims", in situations where a "special relationship" existed between the plaintiff-insured and the defendant-broker. *Schwartz*, at 680.

8. Even so, *Schwartz* is only a limited recognition of liability. The case references a two-part standard for a claim for failure to process an insurance claim. First, the plaintiff must plead (and later prove) allegations sufficient to establish a "special relationship" between the insured and the broker, which in turn would be sufficient to warrant imposition of a greater legal duty upon the broker. *Schwartz*, at 680 - 681. For the purposes of this Motion only, Sampson agrees that the plaintiff's allegations on this point are sufficient to avoid a motion to dismiss. (Complaint, para. 70 - 73).

Secondly, however, the plaintiff must allege (and later prove) that a particular error or omission by the broker proximately caused the plaintiff's loss - i.e., the insurer's denial of coverage. See *Schwartz*, at 681 (summary judgment appropriate where "the record is barren of any evidence supporting an inference that the harm which befell [the plaintiff] 'followed as a natural consequence ... of

the [broker's] breach.' ").

9. The plaintiff has conspicuously failed to allege that any particular error or omission by Sampson proximately caused the plaintiff's loss - i.e., Chubb's denial of coverage. This is a fatal flaw, warranting dismissal of the action against Sampson. Sampson suggests that the plaintiff has not made this allegation because he can not. In *Schwartz*, the plaintiff claimed that a misrepresentation made by the broker to the insurer in reporting the claim caused the insurer to erroneously deny coverage. There is no such allegation in this case. Indeed, the plaintiff's theory, according to the complaint, is that Chubb relied only on its own engineer's report in denying the claim, which contained "material and relevant factual errors" (Complaint, para. 24, 67). There is <u>no allegation</u> that Chubb denied the claim because of any error, omission, or misrepresentation by Sampson.

10. Chubb apparently agrees with Sampson's argument. In its "Notice of Removal Based on Fraudulent Joinder", filed with this court on December 23, 2003, Chubb argues that removal based upon diversity is proper because the plaintiff's claim against Sampson "on its face, does not have a reasonable basis in law and fact". Chubb further averred that this dispute "relates to Federal Insurance's denial of the plaintiff's claim under the insurance contract and *Sampson was not involved in the denial of the plaintiff's claim.*" (Notice of Removal, para. 9, emphasis added).

For all the foregoing reasons, Sampson moves that the plaintiff's Amended Complaint against it be dismissed.

SAMPSON INSURANCE AGENCY, INC.
By its attorney,

Date: Jan 27, 2004

William D. Chapman, BBO #551261
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
(617) 523-6200

## CERTIFICATE OF SERVICE

I, William D. Chapman, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

Stuart I. Rosnick, Esquire
15 Front Street
Salem, MA 01970

John E. O'Brien, Jr., Esquire
ROBINSON & COLE, LLP
One Boston Place
Boston, MA 02108

William D. Chapman

Date: Jan. 27, 2004