COMMONWEALTH OF MASSACHUSETTS

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:
03-12597-DPW

| | |
|---|---|
| PAUL S. GASS,<br>    Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br>part of the CHUBB GROUP OF<br>INSURANCE COMPANIES, SAMPSON<br>INSURANCE AGENCY, ANDERSEN<br>WINDOW CORPORATION, AND<br>BROCKWAY SALES PLYWOOD,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANDERSEN CORPORATION'S ANSWER TO THE PLAINTIFF'S AMENDED COMPLAINT AND JURY CLAIM

Now comes the Defendant, Andersen Corporation (hereinafter "Andersen") and hereby answers the Amended Complaint and Jury Claim of the Plaintiff, Paul S. Gass (hereinafter "Gass" or "Plaintiff") with the following.

1. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. The appropriate corporate name for Andersen is Andersen Corporation. The remainder of this paragraph is admitted.

1062139v1

5. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

## GENERAL ALLEGATIONS

6. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

12A. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12A of the Complaint.

13. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

1062139v1

15. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

31(sic). Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 contains conclusions of law to which no response is required. To the extent a response is deemed required, Andersen responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 32 contains conclusions of law to which no response is required. To the extent a response is deemed required, Andersen responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Paragraph 32 contains conclusions of law to which no response is required. To the extent a response is deemed required, Andersen responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Paragraph 32 contains conclusions of law to which no response is required. To the extent a response is deemed required, Andersen responds that it is

1062139v1

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. Denied.

40. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42. Denied.

43. Andersen admits that in 1991 or 1992 two windows and a door window frame were supplied for installation at the Plaintiff's home. The remaining allegations are denied.

44. Andersen admits that in 1996 or 1997 additional window frames were supplied for installation at the Plaintiff's home. The remaining allegations are denied.

45. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint

46. Andersen admits that Mr. Gass contacted Andersen in April of 2002 concerning the damage alleged in Paragraph 45.

47. Denied.

48. Denied.

49. Denied.

49A.  Denied.

49B.  Denied.

50.  Denied.

51.  Andersen admits a representative visited the plaintiff's property on or about June 25, 2002. The remaining allegations are denied.

**COUNT I**
**(Chubb – G.L. ch. 93A and 176D)**

52.  Anderson incorporates and reasserts its answers to Paragraphs 1-51 above herein.

53.  This paragraph makes allegations solely against the Defendant Chubb and therefore no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

54.  This paragraph makes allegations solely against the Defendant Chubb and therefore no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

55.  This paragraph makes allegations solely against the Defendant Chubb and therefore no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

56.  This paragraph makes allegations solely against the Defendant Chubb and therefore no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

57.  This paragraph makes allegations solely against the Defendant Chubb and therefore no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

1062139v1

58. This paragraph makes allegations solely against the Defendant Chubb and therefore no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

59. This paragraph makes allegations solely against the Defendant Chubb and therefore no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

60. This paragraph makes allegations solely against the Defendant Chubb and therefore no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

61. This paragraph makes allegations solely against the Defendant Chubb and therefore no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

62. This paragraph makes allegations solely against the Defendant Chubb and therefore no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

63. This paragraph makes allegations solely against the Defendant Chubb and therefore no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

64. This paragraph makes allegations solely against the Defendant Chubb and therefore no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

65. This paragraph makes allegations solely against the Defendant Chubb and therefore no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

1062139v1

66. This paragraph makes allegations solely against the Defendant Chubb and therefore no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

67. This paragraph makes allegations solely against the Defendant Chubb and therefore no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

**WHEREFORE,** Andersen prays that this Honorable Court dismiss this count as it applies to Andersen and enter judgment in its favor, together with its costs, attorneys fees, and any other remedy this Honorable Court deems just.

## COUNT II
(Sampson – Breach of Contract)

68. Anderson incorporates and reasserts its answers to Paragraphs 1-67 above herein.

69. This Paragraph asserts allegations solely against the Defendant Sampson and as such no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

70. This Paragraph asserts allegations solely against the Defendant Sampson and as such no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

71. This Paragraph asserts allegations solely against the Defendant Sampson and as such no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

72. This Paragraph asserts allegations solely against the Defendant Sampson and as such no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

73. This Paragraph asserts allegations solely against the Defendant Sampson and as such no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

74. This Paragraph asserts allegations solely against the Defendant Sampson and as such no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

75. This Paragraph asserts allegations solely against the Defendant Sampson and as such no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

76. This Paragraph asserts allegations solely against the Defendant Sampson and as such no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

77. This Paragraph asserts allegations solely against the Defendant Sampson and as such no response is required from Andersen. To the extent a response is deemed required, all allegations in this Paragraph are denied.

**WHEREFORE**, Andersen prays that this Honorable Court dismiss this count as it applies to Andersen and enter judgment in its favor, together with its costs, attorneys fees, and any other remedy this Honorable Court deems just.

## COUNT III
(Andersen – G.L. c. 93A)

78. Anderson incorporates and reasserts its answers to Paragraphs 1-77 above herein.

79. Denied.

80. Denied.

81. Andersen admits a representative visited the plaintiff's property on or about June 25, 2002. The remaining allegations are denied.

82. Andersen admits that it made a reasonable offer in response to the Plaintiff's complaints. The remaining allegations are denied.

83. Paragraph 83 contains conclusions of law to which no response is required. To the extent a response is deemed required, all allegations made in this Paragraph are denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Andersen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 and all of its subparts.

89. Denied.

**WHEREFORE,** Andersen prays that this Honorable Court dismiss this count, and enter judgment in its favor, together with its costs, attorneys fees, and any other remedy this Honorable Court deems just.

1062139v1

## COUNT IV
### (Brock's – G.L. c. 93A)

90. Anderson incorporates and reasserts its answers to Paragraphs 1-89 above herein.

91. This Paragraph contains allegations solely against the Defendant Brock's and as such no response is required from Andersen. To the extent a response is deemed required, Andersen denies all allegations contained in this Paragraph.

92. This Paragraph contains allegations solely against the Defendant Brock's and as such no response is required from Andersen. To the extent a response is deemed required, Andersen denies all allegations contained in this Paragraph.

93. This Paragraph contains allegations solely against the Defendant Brock's and as such no response is required from Andersen. To the extent a response is deemed required, Andersen denies all allegations contained in this Paragraph.

94. This Paragraph contains allegations solely against the Defendant Brock's and as such no response is required from Andersen. To the extent a response is deemed required, Andersen denies all allegations contained in this Paragraph.

95. This Paragraph contains allegations solely against the Defendant Brock's and as such no response is required from Andersen. To the extent a response is deemed required, Andersen denies all allegations contained in this Paragraph.

96. This Paragraph contains allegations solely against the Defendant Brock's and as such no response is required from Andersen. To the extent a response is deemed required, Andersen denies all allegations contained in this Paragraph.

1062139v1

97. This Paragraph contains allegations solely against the Defendant Brock's and as such no response is required from Andersen. To the extent a response is deemed required, Andersen denies all allegations contained in this Paragraph.

98. This Paragraph contains allegations solely against the Defendant Brock's and as such no response is required from Andersen. To the extent a response is deemed required, Andersen denies all allegations contained in this Paragraph.

99. This Paragraph contains allegations solely against the Defendant Brock's and as such no response is required from Andersen. To the extent a response is deemed required, Andersen denies all allegations contained in this Paragraph.

100. This Paragraph contains allegations solely against the Defendant Brock's and as such no response is required from Andersen. To the extent a response is deemed required, Andersen denies all allegations contained in this Paragraph.

101. This Paragraph contains allegations solely against the Defendant Brock's and as such no response is required from Andersen. To the extent a response is deemed required, Andersen denies all allegations contained in this Paragraph.

**WHEREFORE**, Andersen prays that this Honorable Court dismiss this count as it applies to Andersen and enter judgment in its favor, together with its costs, attorneys fees, and any other remedy this Honorable Court deems just.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

By way of affirmative defense, Andersen states that the Plaintiff has failed to state a cause of action in its Complaint for which relief can be granted pursuant to Rule 12b(6) of the Mass.R.Civ.P.

1062139v1

### Second Affirmative Defense

By way of affirmative defense, Andersen states that the Plaintiff failed to bring each count in the Complaint prior to the expiration of the applicable statute of limitations.

### Third Affirmative Defense

By way of affirmative defense, Andersen states that it made a reasonable offer to resolve the Plaintiff's complaints prior to the filing of this lawsuit and if plaintiff is awarded damages, which Andersen argues he should not, he cannot recover multiple damages or attorney's fees under M.G.L. c.93A.

### Fourth Affirmative Defense

By way of affirmative defense, Andersen states that the Plaintiff's claims are barred by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

### Fifth Affirmative Defense

By way of affirmative defense, Andersen states that if the Plaintiff suffered any damages, which it denies, such damages were caused by someone for whose conduct Andersen was not and is not legally responsible for.

### Sixth Affirmative Defense

By way of affirmative defense, Andersen states that the Plaintiffs' damages were caused in whole or in part by Plaintiff's own negligence.

### Seventh Affirmative Defense

By way of affirmative defense, Andersen states that any damages sustained by the Plaintiff as alleged were caused by its own actions and not by any wrongful conduct, omissions or breach on the part of Andersen.

1062139v1

### Eighth Affirmative Defense

By way of affirmative defense, Andersen states that at all times indicated in the Plaintiff's Complaint it acted reasonably and with due care.

### Ninth Affirmative Defense

By way of affirmative defense, Andersen states that even if it were found liable, which it denies, the good involved in this matter changed in substance and form after it left the control of Andersen by one for whose conduct Andersen is not responsible, and such changes were the actual cause of the Plaintiff's damages, if any.

### Tenth Affirmative Defense

By way of affirmative defense, Andersen states that the Plaintiff's claims are barred due to spoliation of evidence.

### Eleventh Affirmative Defense

By way of affirmative defense, Andersen states that plaintiff failed to mitigate damages.

### Twelfth Affirmative Defense

By way of affirmative defense, Andersen reserves the right to amend its answer and to assert further affirmative defenses as they may be appropriate following further investigation and discovery.

### DEMAND FOR JURY TRIAL

Andersen demands a trial by jury on all issues so triable.

1062139v1

                          Respectfully submitted,
                          Andersen Window Corporation,

                          By its attorneys,
                          MORRISON, MAHONEY & MILLER, LLP

                          _____
                          Mark S. Granger, Esq. BBO #206920
                          Anthony S. Augeri, Esq. BBO#648696
                          250 Summer Street
                          Boston, MA  02210
                          (617) 439-7500

Dated: February 9, 2004

15

1062139v1

## **CERTIFICATE OF SERVICE**

I, Anthony S. Augeri, attorney for the Defendant, Andersen Corporation, hereby certify that I have served the foregoing document, by first class mail, postage pre-paid, upon the following attorneys of record or unrepresented parties this 9th day of February, 2004:

Stuart I. Rosnick, Esq.
15 Front Street
Salem, MA 01970

John E. Tener, Esq.
John E. O'Brien, Esq.
Robinson & Cole, LLP
One Boston Place, 25th floor
Boston, MA 02108-4404

William D. Chapman, Esq.
Melick Porter & Shea, LLP
28 State Street
22nd Floor
Boston, MA 02109

Brock's Plywood Sales
298 North Main Street
Rochester, NH 03867

_____
Anthony S. Augeri

1062139v1