UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
**********************************
```

PAUL S. GASS,                                          )
          Plaintiff

v.                                                     )

FEDERAL INSURANCE COMPANY, part of the                          CIVIL ACTION
CHUBB GROUP OF INSURANCE COMPANIES,   )                         No. 03-12597 DPW
SAMPSON INSURANCE AGENCY,
ANDERSEN WINDOW CORPORATION,
and BROCKWAY SALES PLYWOOD,            )
          Defendants

```
** *********************************
```

## PLAINTIFF PAUL S. GASS' OPPOSITION TO DEFENDANT SAMPSON INSURANCE AGENCY'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT

I.    **Statement of Facts**

On July 24, 2003, Plaintiff Paul S. Gass (Gass) filed a complaint against Chubb Group of Insurance Companies (Chubb) and Sampson Insurance Agency (Sampson). On December 23, 2003, a First Amended Complaint (amended complaint) was filed adding Andersen Window Corporation and Brockway Sales Plywood as defendants. The amended complaint alleges that in March of 2002, Gass learned that his home had suffered damage as a result of wind-driven rain. Gass reported the damage and requested coverage from Chubb. The amended complaint further alleges that Sampson agreed to act as Gass' agent and assist him in favorably resolving his claim. Finally, the amended complaint alleges that Sampson failed to pursue Gass' claims and that Gass was subsequently denied coverage.

1

## II.    Standard Of Law

"[A] complaint is sufficient "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Warner-Lambert Co. v. Execuquest Corp.* 427 Mass. 46, 47 (1998) quoting *Nader v. Citron,* 372 Mass. 96, 98, (1977), quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). It is a "relatively light burden to be carried in maintaining a complaint." *Warner-Lambert Co. v. Execuquest Corp.* 427 Mass. 46, 47 (1998) quoting *Gibbs Ford, Inc. v. United Truck Leasing Corp.,* 399 Mass. 8, 13 (1987). The standard is to be applied in an "exceedingly liberal manner." *Whitehall Co. Ltd. v. Merrimack Valley Distributing Co., Inc.,* 56 Mass.App.Ct. 853, 856-857 (2002) quoting *Brum v. Dartmouth,* 44 Mass.App.Ct. 318, 321 (1998). "Furthermore, the allegations of the complaint, as well as such inferences that may be drawn therefrom in the plaintiff's favor, are to be taken as true." *Nader v. Citron* 372 Mass. 96, 97-98 (1977).


## III.    Argument

Sampson relies on *Schwartz v. Travelers Indemnity Company,* 50 Mass App. Ct. 672 (2001) to support its motion to dismiss. According to *Schwartz,* in order to prevail on a claim against a broker for liability for postsale processing of claims, the insured must prove: (1) there is an implied contract; and (2) a breach of the implied contract caused the insured's damages. Defendant Sampson concedes that Plaintiff Gass has adequately pled the existence of a special relationship between Sampson and Gass fulfilling the first prong of the *Schwartz* test. In *Schwartz,* the court held that a broker could be liable for breach of contract when there are "special circumstances of assertion, representation and reliance." The court further stated that the complexity of the insurance business, a continuing

relationship between the broker and insured over a period of time, the frequency of contact between the broker and the insured and the extent to which the insured had come to rely upon the advice of the broker because of the complexity of the policies are factors to consider in determining whether such "special circumstances" exist. *Schwartz* at 681-2. The First Amended Complaint states that Sampson had been Gass' agent for nearly a decade. The amended complaint further alleges that Sampson "agreed to act as Gass' agent in assisting him in favorably resolving Gass' claim, Sampson held itself out as an insurance specialist in pursuing any claim Gass may have had, Gass and Sampson had a long-standing business relationship with respect to this and other properties, Sampson knew or should have known that Gass relied upon it for all his homeowner, liability, commercial, property and car insurance needs, ...Gass relied upon the representatives of Sampson, and Sampson agreed to assist Gass in processing the claim." Thus, Plaintiff Gass has clearly stated sufficient facts to withstand a motion to dismiss regarding the existence of an enforceable implied contract between Sampson and Gass.

Second, Sampson argues that the plaintiff has failed to allege any particular error or omission by Sampson that proximately caused the plaintiff's loss. Sampson relies on *Schwartz* to support this argument also. However, this case can be distinguished from *Schwartz*. First, the *Schwartz* case involved a motion for summary judgment rather than a motion to dismiss. As aforementioned, to survive a motion to dismiss, the plaintiff "must put the adversary on notice of the essential elements of the claim the pleader intends to assert." *Whitehall Co. Ltd. v. Merrimack Valley Distributing Co., Inc.*, 56 Mass.App.Ct. 853, 856-857 (2002). Gass has done this. The First Amended Complaint pleads all of the elements of breach of contract: Sampson and Gass had a longstanding relationship; Sampson knew that Gass relied upon it; Sampson agreed to assist Gass in processing his

3

claim, Sampson did not pursue Gass' claim; Sampson broke the contract, and Gass was denied coverage.

Specifically, the First Amended Complaint states that one of the reasons that Chubb denied the plaintiff's insurance claim, was due to an alleged exclusion in the policy. This exclusion was allegedly an amendment to the plaintiff's original policy. However, Sampson represented that it did not have in its files or computers either the above-mentioned policy amendment or any correspondence to Gass from Sampson or Chubb referencing said amendment. Thus, the particular error or omission by Sampson that proximately caused the plaintiff's loss was Sampson's failure to argue to Chubb on Gass' behalf that there was not an effective amendment and that any denial of Gass' claim had to be under the original policy. Sampson failed to assist Gass in processing Gass' claim by failing to uphold the original policy it had issued to Gass.

Defendant Sampson has failed to prove that Plaintiff Gass is unable to support his claims. Sampson's Motion to Dismiss should be denied.

PAUL S. GASS
By his attorney,

Stuart I. Rosnick
BBO # 429620
15 Front Street
Salem, MA  01970
(978) 741-1130
12 February, 2004

4

CERTIFICATE OF SERVICE

I, Stuart I. Rosnick, do hereby certify that I have served a copy of the within by regular, postage-prepaid mail and by facsimile upon the following:

John E. O'Brien, Jr., Esquire
Robinson and Cole
One Boston Place
Boston, Ma. 02108-4404
fax number 617 557-5999;

Anthony Augeri, Esquire
Morrison, Mahoney and Miller LLP
250 Summer Street
Boston, MA. 02210-1181
Fax 617 342-4820;

William D. Chapman, Esq.
Melick, Porter & Shea, LLP
28 State Street
Boston, MA. 02109-1775
617 523-6200
fax: 617 523-8130;

Daniel P. Murphy
Franchek & Porter, LLC
85 Devonshire St.
Boston, MA. 02109
617 573-0020
fax: 617 723-0977.

# STUART I. ROSNICK

**ATTORNEY AT LAW**

15 FRONT STREET
SALEM, MA. 01970
TELEPHONE (978) 741-1130
FACSIMILE (978) 741-1132

February 13, 2004

Civil Clerk
United States District Court for
the District of Massachusetts
1 Courthouse Way
Boston, MA. 02210

Re: Paul S. Gass vs. Federal Insurance company, part of the Chubb Group of
     Insurance Companies, et al
     Civil Docket No. 03-12597 DPW

Dear Staff:

Enclosed please find Plaintiff's Opposition to Defendant Sampson Insurance Agency's Motion to Dismiss the Plaintiff's Complaint.

Please note that the moving party has assented to this late filing. Thank you.

Very truly yours

Stuart I. Rosnick

SIR/ekr

cc: Mr. Paul Gass
    John E. O'Brien, Jr., Esquire
    Anthony Augeri, Esquire
    William D. Chapman, Esquire
    William Ahern, Esquire